IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Young Bowles, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____) | Cr. No. 1:04-170<br><br>**ORDER AND OPINION** |

On September 4, 2007, Movant Gregory Young Bowles pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A presentence investigation report was prepared that identified four prior predicate offenses for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e): (1) a conviction on October 9, 1984, for robbery, second degree in the Queens County, New York, Supreme Court, ¶ 28; (2) a conviction on November 8, 1984, for robbery, third degree in the Queens County, New York, Supreme Court, ¶ 29; (3) a conviction on March 16, 1988, for criminal sale of a controlled substance, third degree in the Queens County, New York, Supreme Court, ¶ 30; and (4) a conviction on March 21, 1997, for continuing criminal enterprise in the United States District Court for the Northern District of New York, ¶ 31. As a result of the predicate offenses, Movant's criminal history category became VI. Movant's base offense level was 24. Movant received a 4-level enhancement for possessing a firearm in connection with a drug trafficking offense, for an adjusted offense level of 28; however, because Movant was categorized as an armed career criminal, his offense level became 34. Movant received a 3-level reduction for acceptance of responsibility, for a total offense level of 31. Movant's guidelines range was 188 to 234 months imprisonment. His statutory range was fifteen years to life imprisonment.

On February 26, 2009, Movant was sentenced to incarceration for a period of 188 months. Judgment was entered on February 27, 2009.

This matter is before the court on Movant's motion to correct sentence pursuant to 28 U.S.C. § 2255, which motion was filed on March 15, 2016. Movant contends that, in light of the Supreme Court's decision in Johnson (Samuel) v. United States, 135 S. Ct. 2551 (2015), he does not have the requisite number of qualifying predicate offenses to be found an armed career criminal. On April 14, 2016, Respondent United States of America filed a motion to dismiss. Movant filed a response in opposition on April 25, 2016.

## DISCUSSION

The Armed Career Criminal Act of 1984 (ACCA) mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or move convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

A violent felony is a crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon. Johnson (Curtis) v. United States, 559 U.S. 133, 140-41 (2010) (quoting 19 Oxford English Dictionary 1188 (2d 3d. 1989)).

In Johnson (Samuel), the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague. Thus, Johnson (Samuel) reduced the number of violent

felonies that can be considered as predicate offenses under the ACCA. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court determined that Johnson (Samuel) announced a new substantive rule that applies retroactively to cases on collateral review.

Movant contends that his prior convictions for robbery, second degree and robbery, third degree do not qualify as violent felonies because neither offense meets the definitional requirements of "force" as set out in § 924(e)(2)(B)(i) or the enumerated offenses set forth in § 924(e)(2)(B)(ii). "Robbery" is not an enumerated offense in § 924(e). The question becomes, then, whether Movant's prior convictions for robbery satisfy the force clause. To answer this question, the court is required to use the "categorical approach," which approach focuses on the elements of the statute forming the basis of the defendant's conviction to determine whether the minimum conduct necessary for a conviction amounts to a violent felony. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

N.Y. Penal Law § 160.00 provides:

Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

A person is guilty of robbery in the third degree when he forcibly steals property. Id. § 160.05. A person is guilty of robbery in the second degree when he forcibly steals property and when:

1. He is aided by another person actually present; or

    2.    In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

    (a)    Causes physical injury to any person who is not a participant in the crime; or

    (b)    Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

    3.    The property consists of a motor vehicle, as defined in section one hundred twenty-five of the vehicle and traffic law.[1]

Movant asserts that the "forcible stealing" upon which second and third degree robbery are based does not require the use of violent force. Movant notes that in People v. Bennett, 631 N.Y.S.2d 834 (2005), the defendant was found guilty of robbery in the second degree based on evidence that he and three others formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket. Movant further submitted to the court as supplemental authority United States v. Jones, No. 15-1518-cr, 2016 WL 3923838 (2d Cir. July 21, 2016). In Jones, the Court of Appeals for the Second Circuit reviewed the meaning of a "crime of violence" as contained in section 4B1.1(a) of the United States Sentencing Guidelines. The Jones court noted that § 4B1.2(a)(1) uses language to define a "crime of violence" that is identical to that in the ACCA's definition of a "violent felony"; i.e., a felony that has as an element the use, attempted use, or threatened use of physical force against the person of another. The Second Circuit reviewed lower court decisions and noted that "forcible stealing" alone does not necessarily involve the use of violent force. Id. at *5. The Second Circuit held that, in light of Johnson (Samuel), "we are compelled to conclude that . . . a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the

---

[1] Section 160.10(3) was added in 1995, subsequent to Movant's conviction for robbery, second degree.

meaning of the Career Offender Guideline" of the Sentencing Guidelines.  Id.

Although Jones arguably contains a persuasive analysis if applied to the ACCA, the Second Circuit vacated its decision in United States v. Jones, 838 F.3d 296 (2d Cir. 2016), pending the Supreme Court's disposition in Beckles v. United States, 136 S. Ct. 2510 (2016) (granting petition for writ of certiorari regarding career offender guidelines).  Thereafter, in Rainey v. United States, 14-CR-197 (JMF), 14-CV-4748 (JMF), 2017 WL 507294, *3 (S.D.N.Y. Feb. 7, 2017), the Southern District of New York noted that Second Circuit precedent compelled a finding that robbery is a violent felony under the "elements" or "force clause" of the ACCA.  In so holding, the Rainey court relied on United States v. Brown, 52 F.3d 415, 416 (2d Cir. 1995), but noted that the continued validity of Brown and similar cases was in doubt, given the Second Circuit's analysis in Jones.

This court, like the Rainey court, is constrained to follow Second Circuit precedent to find that New York robbery is a violent felony under the "elements" or "force clause" of the ACCA.  However, given the Second Circuit's signal that it may reconsider the meaning of "forcible stealing" in light of Johnson (Samuel) and possibly Beckles, the court will grant Movant a certificate of appealability.

## CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 133) is **granted**.  Movant's motion to correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 131) is **denied**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has made the requisite showing for the reasons set forth hereinabove.  Accordingly, the court **grants** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 28, 2017